### In re COMER & CO.

(District Court, E. D. Pennsylvania. June 28, 1909.)

#### No. 3,245.

BANKRUPTCY (§ 266*)—ASSETS—LIQUOR LICENSE—SALE.

The terms on which a bankrupt's liquor license was sold required a cash deposit, and provided that the balance should be deposited with the receiver or trustee on or before a day set for the hearing of an application for transfer, and that the whole amount would be refunded to the purchaser unless the license was transferred, provided the license was not transferred because of purchaser's disability, in which case the money should be forfeited. *Held*, that a transfer having been refused, specifically because the purchaser was not a proper person to hold a license, he was not entitled to a return of the earnest money paid.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 266.*]

In Bankruptcy.

Clinton O. Mayer, for receiver.
Julius C. Levi, for Louis Gordon.

J. B. McPHERSON, District Judge. The nature of this controversy will appear by the following extract from the report of the referee (Joseph Mellors, Esq.):

"On the 8th day of October, 1908, under the authority of your honorable court, a receiver's sale in bankruptcy was had of the wholesale license, stock, and fixtures of a liquor store at No. 616 South Seventh street. At said sale it was announced by the auctioneer that the deposit money would not be returned if the license court refused to transfer the same on account of the character of the person, nor would it be returned if the person who purchased the same was unable to comply with the terms of the sale. This statement

was made orally by the auctioneer, and was also part of the conditions of the sale as set forth in the catalogue, which was read before the sale, and the catalogue was distributed to intended purchasers and to those present at the sale. Said catalogue is hereto annexed and made part of this report.

"After reading the terms of the sale and during the sale the auctioneer announced that if there was any bidder who knew why the license should not be transferred to him he should not bid.

"There were other bidders present at the sale, from 40 to 50.

"The license was knocked down to one Louis Gordon of 203 South Eighth street, Philadelphia, for the sum of $3,075, and $500 was paid by him on account of the sale. The said sale was confirmed by your honorable court on the 9th day of October, 1908, and upon a hearing of the application by the said Louis Gordon for a transfer of the license of the said bankrupts to him, to sell liquors at wholesale at No. 616 South Seventh street, the court of quarter sessions refused his application; Gordon having admitted before the court that at the time he bought the said license he was not able to comply with the terms of the sale, and that he was not then even able to comply with said terms.

"He also admitted that the money he deposited was not his money, but money he had borrowed from a relative of his. The court upon these grounds refused to transfer the license to him, as not being a proper person.

"On a resale of the assets of said bankrupt on November 13, 1908, the highest price realized therefor was $1,600, so that by reason of the action of the said Louis Gordon the estate of the said bankrupts not only lost the difference between said sales, but also the additional expense of maintaining and keeping the property from the 8th day of October, 1908, until December, at which time the next license court met.

"From the foregoing facts it is very apparent to the mind of the referee that the said sum of $500 deposited by the said Gordon with the receiver at the time of the sale of the assets of the bankrupts is rightfully held by the receiver (now trustee) for the benefit of creditors, and the referee has no hesitancy in recommending that the petition filed in your honorable court by the said Gordon for the return of the same should be dismissed."

The argument in behalf of Louis Gordon, the petitioner, is based on a misunderstanding of the court's order of September 25th, under which the sale to Gordon on October 8th was made. The order appointed a receiver and authorized him "to take possession of all the assets of said bankrupts and to expose the same at public sale or vendue upon ten days' notice to all known creditors." This included the liquor license of the bankrupts; but it imposed no conditions upon the sale, leaving these details to the receiver's discretion—subject, of course, to review by the court if they should prove to be improper or unreasonable. The terms proposed by the receiver and published at the sale were, I think, reasonable, and Gordon made his bid with full knowledge of the risks of the enterprise upon which he was entering. The refusal of the court of quarter sessions of Philadelphia county to permit the transfer was put upon the ground that he was not a proper person to hold a license, and it also appears that he was not able to comply with the terms of sale. These terms were as follows:

"The sale of the license subject to the transfer of the court of quarter sessions.

"$500 to be paid in cash as deposit on the license at the time of sale.

"The balance of the purchase money of the license in cash to be deposited with the receiver or trustee on or before 10 a. m. of the day set by the court of quarter sessions for hearing the application for the transfer, the whole amount to be refunded to the purchaser unless the license be transferred to him, provided the transfer is not refused on account of any disability on the part of the purchaser.

"(6) Upon failure to comply with the above terms, the money deposited in part payment shall be forfeited."

It is evident, I think, that Gordon's bid was made in view of, and in compliance with, these unequivocal conditions, and I see no ground upon which he is now entitled to ask that they should in effect be set aside. He made his contract with reference to these conditions, and he is bound by their terms. If the transfer had been refused on other grounds than his personal disability, or if it did not appear at all upon what ground the refusal rested, a different question might be presented.

It should be added that the terms of the resale were identical with the terms under which Gordon's bid was made, as appears from the receiver's return that was confirmed by the court on November 16th.

The order of the referee is affirmed.